IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00742-PAB

DEREK MACIAS,

    Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
GEICO CASUALTY COMPANY, and
MOHAMED GASHOTA,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on defendant Twin City Fire Insurance Company's Notice of Removal [Docket No. 1].[1] Twin City asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 6.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of

---

[1]Although only Twin City Fire Insurance Company (hereinafter "Twin City") filed the Notice of Removal, Twin City states that all of the defendants who have been served have stipulated to removal. Docket No. 1 at 2, ¶ 5.

jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Twin City asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish the defendants' citizenship.

Twin City alleges that the three corporate defendants – Twin City, Liberty Mutual Insurance Company, and GEICO Casualty Company – are organized under the laws of Indiana, Massachusetts, and Maryland, respectively. Docket No. 1 at 2, ¶ 8. However, the citizenship of a corporation is based on both its state of incorporation and its

principal place of business. *See* 28 U.S.C. § 1332(c)(1). Because Twin City has not alleged the location of the corporate defendants' principal places of business, the Court is unable to determine the citizenship of those defendants.[2]

Twin City's allegations regarding defendant Gashota are also deficient. Twin City states that Mr. Gashota is a resident of Michigan. Docket No. 1 at 2, ¶ 8. But domicile, not residency or mailing address, is determinative of citizenship for purposes of establishing diversity. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

For the foregoing reasons, the allegations are presently insufficient to allow the Court to determine the citizenship of defendants and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)). Wherefore, it is

**ORDERED** that, on or before **5:00 p.m. on Wednesday, April 3, 2019**, defendants shall show cause why this case should not be remanded to state court due

---

[2]Plaintiff alleges in his complaint that Twin City's principal place of business is in Englewood, Colorado. Docket No. 3 at 1-2, ¶ 2. If that is true, complete diversity is lacking and removal was improper. *See id.* at 1, ¶ 1 (alleging that plaintiff is a citizen and resident of Colorado).

to the Court's lack of subject matter jurisdiction.

DATED March 22, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge