IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00742-PAB

DEREK MACIAS,

    Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
GEICO CASUALTY COMPANY, and
MOHAMED GASHOTA,

    Defendants.

---

# ORDER

---

This matter is before the Court on the response of defendants Twin City Fire Insurance Company ("Twin City"), Liberty Mutual Insurance Company ("Liberty Mutual"), and GEICO Casualty Company ("GEICO") ("defendants") to the Court's March 22, 2019 Order to Show Cause [Docket No. 15]. Defendants assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 6.

Twin City removed this case from the District Court for the City and County of Denver, Colorado on March 12, 2019. Docket No. 1. On March 22, 2019, the Court entered an order stating that it was unable to determine whether the Court had subject matter jurisdiction because Twin City had failed to allege the principal place of business of each of the three corporate defendants – Twin City, Liberty Mutual, and GEICO.[1]

---

[1] Twin City had only alleged that Twin City, Liberty Mutual, and GEICO are organized under the laws of Indiana, Massachusetts, and Maryland, respectively. Docket No. 1 at 2, ¶ 8.

*See* Docket No. 15 at 2-3 (citing 28 U.S.C. § 1332(c)(1) for the proposition that a corporate defendant shall be deemed a citizen of the state by which it has been incorporated and the state in which it has its principal place of business). The Court also stated it was unable to determine whether it had subject matter jurisdiction because Twin City had not sufficiently pled the citizenship of defendant Gashota, as it had pled Gashota's residence, not domicile. *See* Docket No. 15 at 3. The Court directed Twin City to show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

Defendants filed their response to the show cause order on April 2, 2019. In their response, defendants have established the citizenship of Twin City, Liberty Mutual, and GEICO. *See* Docket No. 16 at 2, 3 (establishing that Twin City's principal place of business is in Connecticut, Liberty Mutual's principal place of business is in Massachusetts, and GEICO's principal place of business is in Maryland).

However, defendants have failed to establish the citizenship of Gashota. Although defendants continue to allege Gashota resides in Michigan, they do not establish his place of domicile. Defendants assert that, because Gashota has not yet been served, they lack necessary information to determine Gashota's domicile. Further, they contend that, if they had been required to wait to remove the case until Gashota had been served to confirm his place of domicile, they would have been prejudiced because the time for removal would have lapsed. For these reasons, defendants state that, "[b]ecause no evidence exists to divest the Court of diversity jurisdiction as a matter of legal certainty, the Court must take the allegations regarding Defendant Gashota's residence, as set forth in Plaintiff's Complaint and the police

report,[2] as true and accurate representations of his domicile." Docket No. 16 at 3, 4.

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). By relying only on defendant Gashota's purported residence, defendants have failed to meet this burden. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006). Gashota's purported 2016 Michigan address does not sufficiently establish his physical presence or an intent to remain in the state.

The fact that Gashota has not yet been served has no bearing on defendants' burden. "[D]iversity of each defendant must be considered prior to removal, whether or not each defendant has been served." *Boulter v. Citi Residential Lending*, 2011 WL 128786, at *3 (E.D. Okla. Jan. 14, 2011). "[T]he law is clear that the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a)." *Ake v. Cent. United Life Ins. Co.*, 2017 WL 3105875, at *2 (W.D. Okla. July 21, 2017) (quoting *Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 664 (S.D. Miss. 2002)). Whether or not Gashota has

---

[2]Defendants allege that the police report from the underlying accident, which occurred in 2016 [Docket No. 3 at 3, ¶ 14], listed defendant Gashota at a Michigan address.

3

been served, defendants must demonstrate his citizenship to establish subject matter jurisdiction.

For these reasons, the allegations are presently insufficient to allow the Court to determine the citizenship of Gashota and whether the Court has jurisdiction. Wherefore, it is

**ORDERED** that, due to the Court's lack of subject matter jurisdiction, this case is **REMANDED** to the District Court for the City and County of Denver, Colorado, where it was originally filed as Case No. 2019CV30393.

DATED April 15, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge